**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| S.K., individually,<br>and on behalf of all others similarly<br>situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No: 1:26-cv-5388 |
| v. | ) ) | Judge: |
| COMMUNITY UNIT SCHOOL DISTRICT 300,<br>DR. MARTINA SMITH, in her official capacity as<br>Superintendent for Community Unit School<br>District 300, and DOES 1–10, | ) ) ) ) ) | Jury Trial Demanded |
| Defendants. | ) ) | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
AND MONETARY DAMAGES**

**INTRODUCTION**

1.      This case challenges a public school district's policies, practices, and customs of subjecting minor students to psychological and identity-based interventions, while deliberately excluding their parents from participation, consent, and even knowledge.

2.      Defendants implemented and enforced a regime under which school officials:

      a.      socially transitioned minor students at school;

      b.      developed and executed so-called "gender support" plans;

1

c. coordinated with mental-health providers; and

d. withheld material information from parents.

3. These actions are not routine educational judgments. They constitute state-directed psychological intervention into a minor's identity, mental health, and familial relationships.

4. The Constitution forbids the State from displacing a fit parent's authority in this domain.

5. Community Unit School District 300 in Illinois (the School District) maintains and enforces policies and administrative procedures governing "Student Gender Support," including Administrative Procedure 7:10-AP1, which purports to require the development of a "gender support plan" through a team that includes the student and the student's parents or guardians.

6. In practice, however, the School District has adopted and implemented a contrary custom and usage under which school officials initiate, develop, and implement "gender support" plans and related interventions without obtaining informed parental consent and, in many instances, without providing parents with timely notice or meaningful participation. Consistent with this practice, School District staff meet directly with students regarding asserted gender identity, facilitate social transition within the school environment (including name and pronoun usage),

2

and coordinate with school-based and outside personnel while minimizing or excluding parental involvement.

7. Through these policies, practices, and customs, the School District does not merely regulate educational conditions; it affirmatively undertakes psychological and identity-based interventions affecting a minor student's mental health, development, and familial relationships. These actions extend beyond ordinary pedagogical decisions and intrude into areas traditionally reserved to parents, including decisions concerning a child's psychological care, identity formation, and overall well-being.

8. Despite the written requirement of parental inclusion, the School District's actual implementation reflects a deliberate policy choice to prioritize student-directed decision-making over parental authority, resulting in the systematic exclusion of parents from critical decisions and the withholding of material information necessary for them to exercise their constitutional rights.

9. Defendants, through their employees and agents, sought to socially transition Plaintiff S.K.'s minor child, T.K., within the school environment, including by using alternate names and pronouns, without providing Plaintiff S.K. with prior notice or obtaining Plaintiff S.K.'s involvement. Plaintiff S.K. was not informed of these actions at the time they were initiated and did not have an opportunity to participate in decisions concerning the implementation of these

actions. Defendants did not provide Plaintiff S.K. or T.K. with information explaining the nature of the supports being implemented, including such supports' purpose, potential risks, possible side effects, or available alternatives. As a result, Plaintiff S.K. was unable to make informed decisions regarding T.K.'s care and support within the school setting. After Plaintiff S.K. became aware of the actions taken by Defendants, Defendants continued to withhold material information regarding the supports being provided to T.K., including details concerning how those supports would be implemented in practice. Plaintiff S.K. was not provided a meaningful opportunity to be involved in the development or modification of plans affecting T.K., and requests to do so were denied. As a result of Defendants' conduct, Plaintiff S.K. was excluded from decisions affecting T.K.'s care, development, and well-being within the school environment and was deprived of the information necessary to effectively support and advocate for T.K.

## PARTIES

10. Plaintiff S.K. is the mother of T.K., a minor who is a student at one of the high schools within and operated by the School District.

11. The proposed class consists of parents or legal guardians of minor students enrolled in public schools within Community Unit School District 300 in Illinois, who have been or will be subjected to the School District's policies, practices, and customs under which minor students are subjected to psychological

4

and identity-based interventions, while deliberately excluding their parents from participation, consent, and knowledge.

12. The Defendant School District is a political subdivision of the State of Illinois, responsible for operating and supervising public schools, including the high school at which T.K. is a student, pursuant to various laws of the State of Illinois, including but not limited to the Illinois School Code, 105 ILCS 5/10-1 *et seq*. The School District is empowered to establish policies for the effective operation of its schools, including the policies, practices, and customs challenged here. The School District's principal offices are located in Algonquin, Illinois. It is a "person" acting under color of state law within the meaning of 42 U.S.C. § 1983.

13. Defendant Dr. Martina Smith serves as the Superintendent for the School District, with authority and responsibility for the administration and management of schools, including the high school at which T.K. is a student, pursuant to 105 ILCS 5/10-21.4. Dr. Smith enforces the School District's policies, including the policies, practices, and customs at issue here. She is sued in her official capacity, and is a "person" acting under color of state law within the meaning of 42 U.S.C. § 1983.

14. Defendant Does 1–10 are individuals with delegated authority and responsibility for administration pursuant to 105 ILCS 5/10-21.4a. Each enforces the School District's policies, including the policies, practices, and customs at issue

5

here, under the supervision of School District officials, including Defendant Dr. Smith. Each of Does 1–10 is sued in his or her official capacity, and is a "person" acting under color of state law within the meaning of 42 U.S.C. § 1983.

15. Defendants are responsible for establishing, implementing, and enforcing policies and practices governing "gender support plans" and related student interventions, including practices that permit school personnel to initiate, develop, and implement psychological and identity-based interventions affecting minor students without obtaining informed parental consent or providing meaningful notice to parents. Through these policies and practices, Defendants facilitate social transition within the school environment, including the use of alternate names and pronouns and coordination with school-based and outside personnel, while excluding or minimizing parental involvement. As a direct and proximate result, Plaintiff S.K. and similarly situated parents have been deprived of their fundamental right to direct the care, custody, and upbringing of their children, causing ongoing and irreparable harm to the parent-child relationship. Each individual Defendant, and those acting under their supervision, direction, or control, has intentionally performed, participated in, directed, or knowingly acquiesced in the unconstitutional conduct alleged herein and will continue to cause irreparable injury unless enjoined.

## JURISDICTION AND VENUE

16. This action arises under 42 U.S.C. § 1983 to redress deprivations of rights secured by the Due Process Clause of the Fourteenth Amendment, including the fundamental right of parents to direct the care, custody, and upbringing of their children and the right to procedural due process, arising from Defendants' implementation of psychological and identity-based interventions affecting a minor child without parental knowledge or consent.

17. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343(a)(3) and (4) (civil rights jurisdiction).

18. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2) because Defendants reside in this judicial district, and a substantial part of the events giving rise to Plaintiffs' claims occurred within this district.

19. This Court has authority to issue declaratory and injunctive relief pursuant to Federal Rules of Civil Procedure 57 and 65 and 28 U.S.C. §§ 2201 and 2202, and pursuant to its inherent equitable powers.

20. This Court has personal jurisdiction over Defendants because they are domiciled in Illinois.

## CLASS ALLEGATIONS

21.     Plaintiff S.K. seeks class certification for purposes of declaratory and injunctive relief on Counts I, II, and III below, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2), on behalf of all parents or legal guardians of minor students enrolled in public schools in the School District who have been or will be subjected to the School District's policies, practices, and customs of initiating, developing, or implementing gender support plans or related psychological and identity-based interventions affecting their minor children without informed parental consent or meaningful notice. Plaintiff S.K. brings these class allegations while her individual claims remain live so that certification may relate back if any of her individual claims become moot during the pendency of this action.

22.     *Numerosity*: The proposed class is sufficiently numerous that joinder of all members is impracticable. The School District is a large public school district serving over 20,000 students across multiple schools.[1] Upon information and belief, numerous parents within the School District have been or will be affected by Defendants' policies and practices governing gender support plans and related interventions, which are applied in a uniform or substantially similar manner across

---

[1] Ill. State Bd. of Educ., Ill. Rep. Card, CUSD 300, Enrollment, https://www.illinoisreportcard.com/district.aspx?source=studentcharacteristics&Districtid=31045 300026 (last visited April 20, 2026).

the School District. These parents are dispersed and not readily identifiable at the pleading stage, satisfying the numerosity requirement under Rule 23(a)(1).

23. *Commonality*: There are questions of law and fact common to the class, including: (a) whether Defendants' policies and practices of initiating and implementing psychological and identity-based interventions affecting minor students without parental knowledge or consent violate the substantive due process rights of parents under the Fourteenth Amendment; (b) whether Defendants' failure to provide notice and an opportunity for parental participation violates procedural due process; and (c) whether Defendants' policies and practices unlawfully interfere with the parent-child relationship. These common questions are capable of class-wide resolution and satisfy Rule 23(a)(2).

24. *Typicality*: Plaintiff S.K.'s claims are typical of the class. Like other parents in the proposed class, Plaintiff S.K. was excluded from critical decisions affecting her minor child, including the development and implementation of a gender support plan and related interventions undertaken without her informed consent. Plaintiff S.K.'s claims arise from the same policies, practices, and course of conduct, and are based on the same legal theories as those of the class, satisfying Rule 23(a)(3).

25. *Adequacy of Representation*: Plaintiff S.K. will fairly and adequately represent the interests of the class. She has no interests antagonistic to those of the

class and seeks relief that will benefit all class members equally. Plaintiff S.K. has retained counsel experienced in civil rights litigation and class actions, satisfying Rule 23(a)(4). Plaintiff S.K. seeks appointment of undersigned counsel as class counsel pursuant to Rule 23(g).

26.     *Rule 23(b)(2)*: Defendants have acted on grounds generally applicable to the class by establishing and enforcing policies and practices that permit school personnel to initiate and implement psychological and identity-based interventions affecting minor students without parental knowledge or consent. Final injunctive and declaratory relief is appropriate with respect to the class as a whole to prohibit Defendants from continuing to enforce these policies and practices and to require constitutionally adequate parental notice and participation.

## FACTUAL ALLEGATIONS

27.     In 2022, Defendants began using an alternate name and pronouns for T.K. in certain classes without informing Plaintiff S.K. During this time, T.K. experienced declining mental health and difficulty completing schoolwork.

28.     In December 2022, Plaintiff S.K. contacted school staff, including a school counselor and T.K.'s teachers, to discuss concerns surrounding T.K.'s academic performance and struggles with mental health. At no point during these communications did Defendants inform Plaintiff S.K. that T.K. was being addressed by an alternate name and pronouns at school.

29. On February 14, 2023, T.K. was admitted to a hospital for suicidal ideation. Following this, Plaintiff S.K. sought out information from school personnel regarding T.K.'s mental health. Defendants did not provide substantive responses to Plaintiff S.K.'s inquiries and instead directed Plaintiff S.K. to general guidance materials.

30. On February 27, 2023, Plaintiff S.K. and T.K. attended a reintegration meeting at the school following T.K.'s hospitalization. During that meeting, Plaintiff S.K. was escorted out of the room by a staff member to use the restroom, leaving T.K. alone with school personnel. While Plaintiff S.K. was absent, school personnel discussed and initiated the development of a so-called "gender support" plan for T.K. to socially transition at school. Plaintiff S.K. was told upon returning to the room that T.K. had expressed a desire for this plan.

31. On March 1, 2023, Plaintiff S.K. received an invitation to attend a meeting regarding the development of this gender support plan for T.K. That evening, Plaintiff S.K. asked that the meeting be postponed due to T.K.'s mental health condition and his inability at that time to make informed decisions regarding such supports. While Defendants did delay that meeting until 2024, they continued to socially transition T.K. in the meantime without informing Plaintiff S.K.

32. Plaintiff S.K. repeatedly informed school personnel that she did not consent to the implementation of any gender support plan and requested information

regarding its contents as it pertained to T.K. Thereafter, school personnel ceased communication with Plaintiff S.K. on this matter.

33. By the fall of 2023, Defendants had expanded the use of an alternate name and pronouns for T.K. to all classes without informing Plaintiff S.K. and continued to socially transition T.K.

34. On February 6, 2024, school personnel completed a formal plan with T.K. regarding a social gender transition at school without notifying Plaintiff S.K. in advance or inviting Plaintiff S.K. to attend the meeting.

35. On February 19, 2025, Plaintiff S.K. requested a copy of T.K.'s gender support plan, but Defendants did not produce it.

36. During a phone meeting on February 26, 2025, Plaintiff S.K. requested the ability to modify the plan to address T.K.'s needs. Defendants directly denied the request.

37. In March 2025, Plaintiff S.K. continued to request information, answers, and participation in decisions affecting T.K., but Defendants failed to provide complete responses and, at times, ceased responding altogether. Plaintiff S.K. expressly requested that no further meetings or decisions regarding T.K.'s social transition occur without Plaintiff S.K.'s presence. Defendants, however, indicated that they would continue to communicate with T.K. regarding the plan.

38. On May 16, 2025, Plaintiff S.K. proceeded to file a Family Educational Rights and Privacy Act (FERPA) complaint regarding the matter. As a result, on September 25, 2025, school personnel provided Plaintiff S.K. with a copy of T.K.'s gender support plan.

39. By the fall of 2025, Defendants began using an additional alternate name, along with alternate pronouns, with which to address T.K. in all classes without informing Plaintiff S.K., and continued to socially transition T.K.

40. On December 3, 2025, Plaintiff S.K. received a final determination from Defendant Dr. Martina Smith and an investigative report from the School District, which included assertions that Plaintiff S.K. had been informed of and declined to participate in relevant decisions, despite Plaintiff S.K.'s well-documented history of requests and complaints that establish the contrary.

41. As a direct and proximate result of Defendants' conduct, Plaintiff S.K. has suffered severe emotional distress, anxiety, and significant interference with her fundamental right to direct the care, custody, and upbringing of her child, T.K.

## CLAIMS FOR RELIEF

### COUNT I
### Violation of Substantive Due Process (Parental Rights)
### U.S. Const. Amend. XIV
### (On Behalf of Plaintiff S.K. and the Proposed Class Against All Defendants)

42. Plaintiffs incorporate paragraphs 1 through 41 as though fully set forth herein.

43. Defendants, pursuant to the School District's policies, practices, and customs governing "gender support plans" and related student interventions, initiated and implemented psychological and identity-based interventions affecting minor students without obtaining informed parental consent or providing meaningful notice to parents.

44. These policies and practices privilege school officials over parents by displacing parents' authority over decisions concerning their minor children's mental health, identity development, and overall well-being, while vesting such authority in school personnel.

45. The Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to direct the care, custody, and upbringing of their children, including decisions concerning psychological and medical care.

46. Defendants' policies and practices impermissibly intrude upon this fundamental right by authorizing school officials to initiate and implement

interventions that affect a minor child's identity, mental health, and familial relationships without parental knowledge or consent.

47. Defendants' conduct is not narrowly tailored to serve a compelling governmental interest and is not justified by any legitimate educational objective that would permit the State to override parental authority in this domain.

48. Defendants' actions constitute a deliberate and unjustified interference with the parent-child relationship and shock the conscience by exploiting the vulnerability of minor students and excluding their parents from critical decisions affecting their well-being.

49. Defendants, acting under color of state law, subjected Plaintiff S.K. and similarly situated parents to constitutional injury by implementing and enforcing these policies and practices.

50. Defendants' conduct lacked adequate justification and reflects a conscious decision to substitute the State's judgment for that of parents in a core area of family autonomy.

51. As a direct and proximate result of Defendants' violation of the Fourteenth Amendment, Plaintiff S.K. and the proposed class have suffered irreparable harm, including deprivation of their constitutional rights, interference with the parent-child relationship, and emotional distress.

15

**COUNT II**
**Violation of Procedural Due Process**
**U.S. Const. Amend. XIV**
**(On Behalf of Plaintiff S.K. and the Proposed Class Against All Defendants)**

52. Plaintiffs incorporate paragraphs 1 through 41 as though fully set forth herein.

53. Plaintiff S.K. and the proposed class possess a protected liberty interest in directing the care, custody, and upbringing of their minor children.

54. Defendants deprived Plaintiff S.K. and the proposed class of that liberty interest by initiating and implementing psychological and identity-based interventions affecting their minor children without providing notice, an opportunity to be heard, or any meaningful process.

55. Defendants failed to provide parents with advance notice of the interventions, access to relevant information, or an opportunity to participate in or object to the decisions affecting their children.

56. The deprivation of parental rights occurred pursuant to the School District's policies, practices, and customs and was not the result of random or unauthorized conduct.

57. Defendants provided no constitutionally adequate procedures before depriving Plaintiff S.K. and the proposed class of their protected liberty interests.

58. The risk of erroneous deprivation is substantial where school officials make unilateral decisions affecting a minor child's identity and mental health

16

without parental involvement.

59.     The provision of notice and an opportunity for parental participation would impose minimal administrative burden while significantly reducing the risk of constitutional injury.

60.     Defendants' failure to provide such procedures violates the procedural due process guarantees of the Fourteenth Amendment.

61.     As a direct and proximate result, Plaintiff S.K. and the proposed class have suffered deprivation of their constitutional rights and irreparable harm.

**COUNT III**
**Violation of Substantive Due Process**
**(Family Integrity—Alternative Theory)**
**U.S. Const. Amend. XIV**
**(On Behalf of Plaintiff S.K. and the Proposed Class Against All Defendants)**

62.     Plaintiffs incorporate paragraphs 1 through 41 as though fully set forth herein.

63.     The Fourteenth Amendment protects the liberty interest in family integrity, including the right to be free from unwarranted state intrusion into personal identity, psychological development, and familial relationships.

64.     Defendants' policies and practices subjected minor students to psychological and identity-based interventions that altered how the students were treated, identified, and addressed within the school environment.

65.     These interventions were implemented without parental consent and in a manner that reshaped the child's social and developmental environment, reinforcing identity changes through institutional authority.

66.     Defendants' conduct constitutes an affirmative state intrusion into the minor's psychological development and the parent-child relationship.

67.     By excluding parents and facilitating these interventions, Defendants interfered with the integrity of the family unit and the parent's ability to guide the child's development.

68.     Defendants' actions were deliberate, not accidental, and were undertaken pursuant to official policies and practices.

69.     The conduct at issue exceeds the bounds of legitimate educational decision-making and constitutes an arbitrary and conscience-shocking exercise of state power.

70.     As a direct and proximate result, Plaintiff S.K. and the proposed class have suffered constitutional injury, emotional distress, and irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff S.K., individually and on behalf of the proposed class, respectfully requests that this Court:

A.      Certify this action as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2), appoint Plaintiff S.K. as class representative, and appoint undersigned counsel as class counsel pursuant to Rule 23(g);

B.      Enter a declaratory judgment that Defendants' policies, practices, and customs of initiating, developing, or implementing gender support plans or related psychological and identity-based interventions affecting minor students without informed parental consent or constitutionally adequate notice violate the Due Process Clause of the Fourteenth Amendment;

C.      Issue preliminary and permanent injunctive relief prohibiting Defendants, their officers, agents, employees, and all persons acting in concert with them from:

1.      Initiating, implementing, or enforcing gender support plans or any comparable psychological or identity-based interventions affecting minor students without first providing parents or legal guardians with timely notice and obtaining informed consent;

2.      Withholding material information from parents or legal guardians concerning such interventions;

19

3. Excluding parents or legal guardians from participation in decisions affecting their minor children's identity, mental health, or well-being; and

4. Retaliating against students or parents for objecting to or declining participation in such interventions;

D. Order Defendants to adopt and implement policies, training, and procedures that ensure constitutionally adequate parental notice, transparency, and participation before any such interventions occur;

E. Award Plaintiff S.K. and the proposed class their reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

F. Award Plaintiff S.K. compensatory damages in an amount to be determined at trial.

G. Award such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Dated: May 10, 2026       Respectfully submitted,

             /s/Ajay Gupta
             Ajay Gupta
             2849 Bond Circle
             Naperville, Illinois 60563
             (630) 854-7194
             ajguptaemail@gmail.com
             N.D. Ill. Bar No. 190101
             *Counsel for Plaintiff S.K. and the*
             *Proposed Class*