**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JANE DOE, individually, and on behalf of all others similarly situated,

Plaintiffs,

v.

COMMUNITY UNIT SCHOOL DISTRICT 300, DR. MARTINA SMITH, in her official capacity as Superintendent for Community Unit School District 300, and DOES 1-10,

Defendants.

Case No. 1:26-cv-05388

Hon. Judge Sharon J. Coleman

**DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS JANE DOE'S FIRST AMENDED COMPLAINT**

NOW COME Defendants, COMMUNITY UNIT SCHOOL DISTRICT 300 ("District 300" or "District"), and DR. MARTINA SMITH, in her official capacity (Dr. Smith and District 300 collectively, "Defendants"), by and through their undersigned counsel of Engler Callaway Baasten & Sraga, LLC, and pursuant to Federal Rule of Civil Procedure 12(b)(6), move this Court to dismiss Counts I-III of Jane Doe's First Amended Complaint for Declaratory and Injunctive Relief and Monetary Damages ("Amended Complaint") (Dkt. 25) with prejudice, and state as follows:

1. Plaintiff Jane Doe filed a three-count Amended Complaint against Defendants. In the Amended Complaint, Jane Doe alleges the following: Defendants violated the Due Process Clause of the Fourteenth Amendment because Defendants' policies, practices, and customs pertaining to gender support plans interfered with Jane Doe's parent child relationship with John Doe (Count I); Defendants violated the procedural due process guarantees of the Fourteenth Amendment because Defendants failed to provide Jane Doe with advance notice, opportunity to

be heard, or meaningful process of the alleged identity-based interventions related to John Doe (Count II); and in the alternative, Defendants violated the Fourteenth Amendment by allegedly intruding into John Doe's psychological development and Jane Doe's parent-child relationship with John Doe by excluding Jane Doe and facilitating the identity based interventions (Count III). Dkt. 25.

2. A two-year statute of limitations applies to Jane Doe's substantive due process violation claims contained in Counts I and III of the Amended Complaint. *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993); *Farrell v. McDonough*, 966 F.2d 279, 282 (7th Cir. 1992). Jane Doe failed to file her original Complaint within two-years of the alleged constitutional violation(s) that form(s) the basis of Jane Doe's substantive due process violation claims contained in Counts I and III of the Amended Complaint. Therefore, Jane Doe is barred from asserting such claims against Defendants, and this Court must dismiss Counts I and III of Jane Doe's Amended Complaint with prejudice.

3. Under the standards established by *Monell v. Department of Social Services*, Jane Doe has failed to state substantive due process or procedural due process claims contained in Counts I-III of the Amended Complaint. 436 U.S. 658 (1978). Jane Doe has failed to state claims pursuant to the *Monell* "custom or practice" theory of liability because Jane Doe has failed to allege facts to demonstrate a reasonable inference that the alleged practice by Defendants was so widespread as to constitute a governmental custom. *Gill v. Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). Further, Jane Doe has failed to plead facts that demonstrate the District 300 Board of Education knew of the alleged unconstitutional custom or practice. *Latuszkin v. City of Chicago*, 250 F.3d 502, 505 (7th Cir. 2001). Additionally, Jane Doe has failed to sufficiently allege that the District 300 Board of Education was the moving force behind the alleged constitutional violation.

*Estate of Sim ex rel. Sims v. City of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007). Accordingly, this Court must dismiss Counts I-III of the Amended Complaint with prejudice.

4. Additionally, Jane Doe has failed to sufficiently plead a property interest or claim of entitlement to state a claim for violation of procedural due process. *Bartlett v. City of Chicago Sch. Dist. #299*, 40 F. Supp. 3d 959, 964 (N.D. Ill. 2014); *Creekside Assocs., Inc., v. City of Wood Dale*, 684 F. Supp. 201, 204 (N.D. Ill. 1988). Therefore, Defendants respectfully request that this Court dismiss Count II of Jane Doe's Amended Complaint with prejudice.

5. Jane Doe has filed suit against Dr. Smith in her official capacity. Dkt. 1 at p. 5, ¶13. Jane Doe has not filed a claim against Dr. Smith separately from District 300. As such, Jane Doe's claims against Dr. Smith are duplicative of Jane Doe's claims against District 300. *Kiser v. Naperville Cmty. Unit*, 227 F. Supp. 2d 954, 960-61 (N.D. Ill. 2002); *Kerry M. v. Manhattan School Dist. #114*, No 03 C 9349, 2004 WL 2538303, at *4 (N.D. Ill. Sept. 28, 2004). Thus, Defendants respectfully request that this Court dismiss Dr. Smith as a Defendant from this lawsuit.

6. Defendants file their *Rule 12(b)(6) Motion to Dismiss Jane Doe's First Amended Complaint* contemporaneously with *Defendants' Memorandum of Law in Support of Defendants' Rule 12(b)(6) Motion to Dismiss Jane Doe's First Amended Complaint* with further support for this Motion.

7. The parties' counsel have conferred regarding a briefing schedule prior to Defendants filing this Motion to Dismiss. Jane Doe respectfully requests that her Response be due within 28-days of the filing of this Motion by October 15, 2026. Defendants respectfully request that their reply be due within 14-days of the filing of Jane Doe's Response by October 29, 2026.

WHEREFORE, Defendants, COMMUNITY UNIT SCHOOL DISTRICT 300, and DR. MARTINA SMITH respectfully request that this Court dismiss Counts I through III of Jane Doe's

Amended Complaint with prejudice, dismiss Dr. Smith as a Defendant from this lawsuit, and provide any other relief deemed appropriate.

Dated: September 17, 2026

Respectfully submitted,

Community School District 300, and Dr. Martina Smith

By: */s/ Connor P. Singleton*
One of Defendants' Attorneys

Connor P. Singleton (ARDC#: 6317446)
Abigail C. Rogers (ARDC#: 6243760)
Engler Callaway Baasten & Sraga, LLC
2215 York Road, Suite 400
Oak Brook, Illinois 60523
Telephone: (630) 313-4752
csingleton@ecbslaw.com
arogers@ecbslaw.com

**Certificate of Service**

To: CM/ECF Service List

I, Connor P. Singleton, an attorney, hereby certify that on September 17, 2026, I served Defendants' Rule 12(b)(6) Motion to Dismiss Jane Doe's First Amended Complaint by causing a true and accurate copy of such papers to be filed and served on all counsel of record via the Court's CM/ECF electronic filing system.

*/s/ Connor P. Singleton*
One of Defendants' Attorneys